# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TIMOTHY K LOCKLEAR, | * | |
| Petitioner | * | |
| v | * | Civil Action No. CCB-18-0036 |
| WARDEN and THE ATTORNEY GENERAL OF THE STATE OF MARYLAND, | * * | |
| Respondents | * | |

***

## MEMORANDUM

On December 27, 2017,[1] Timothy K. Locklear filed this 28 U.S.C. § 2254 habeas corpus petition attacking his 2014 convictions for first degree burglary, third degree burglary, and second degree assault. ECF No. 1. On February 15, 2018, respondents filed a limited answer arguing that the petition should be dismissed as untimely. ECF No. 5. Pursuant to *Hill v. Braxton*, 277 F.3d 701 (4th Cir. 2002), the court afforded Locklear an opportunity to explain why his petition should not be dismissed as time-barred. ECF No. 6. Locklear did not respond, and the time for doing so has expired.

This matter has been fully briefed. Upon review, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts;* Local Rule 105.6 (D. Md. 2016); *see also Fisher v. Lee*, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not necessarily entitled to hearing under 28 U.S.C. § 2254(e)(2)). For the reasons set forth herein, the court shall DENY the petition, DENY a certificate of appealability, and DISMISS this action with prejudice.

---

[1] Locklear avers that this is the date he deposited the Petition in the prison mailing system. ECF No. 1 at 15. Because Locklear is incarcerated, he is entitled to the benefit of the prison mailbox rule, which provides that a prisoner's filing of a court document is complete on the date he or she gives the document to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 270-72 (1988).

## FACTUAL HISTORY

Following a jury trial in the Circuit Court for Baltimore County, Maryland, Locklear was convicted of first degree burglary, third degree burglary, and second degree assault. ECF No. 5-1 at 7. On May 22, 2014, Locklear was sentenced to a total of 20 years' imprisonment. *Id.* at 5, 7. On May 28, 2014, Locklear filed a timely notice of appeal.[2] *Id.* at 7. The Maryland Court of Special Appeals affirmed Locklear's criminal judgment on June 2, 2015, and issued its mandate on July 6, 2015. *Id.* at 8. Locklear did not seek further review in the Maryland Court of Appeals. Thus, Locklear's criminal conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on July 21, 2015, when his time to seek certiorari review from the Court of Appeals expired. *See* Md. Rule 8-302(a).

On November 24, 2015, Locklear filed a petition for post-conviction relief in the Circuit Court for Baltimore County, which denied relief on June 29, 2016. ECF No. 5-1 at 8. On July 27, 2016, Locklear timely filed an application for leave to appeal the post-conviction court's decision with the Maryland Court of Special Appeals. *Id.* at 9; *see* Md. Rule 4-408, 8-204(b)(2). The Court of Special Appeals denied the application on February 16, 2017, and issued its mandate on March 21, 2017. ECF No. 5-2.

Locklear filed the instant § 2254 petition on December 27, 2017. ECF No. 1 at 15. The petition raises three claims pertaining to the fact that his trial date "went beyond Hicks," ECF No. 1 at 7, an apparent reference to *Hicks v. State*, 403 A.2d 356 (Md. 1979), which concerns the time frame for bringing a defendant to trial and possible "extraordinary cause[s]" warranting the extension of this time frame. Two of Locklear's claims concern the trial court's finding that

---

[2] Locklear also filed a motion for sentence modification on May 28, 2014, which was denied July 2, 2014. ECF No. 5-1 at 7. He filed an application for review of his sentence by a three-judge panel on June 3, 2014, which the panel denied on September 18, 2014. *Id.*

2

good cause existed to delay Locklear's trial and one claim concerns trial counsel's alleged ineffective assistance for going "behind [Locklear's] back on his own discretion and set a court date beyond [his] hicks [date] . . . with the prosecut[o]r." ECF No. 1 at 5-8 (some capitalization altered). According to Locklear's petition, he raised all three grounds on direct appeal and in his petition for post-conviction relief.

The respondents assert that Locklear's petition should be dismissed because more than a year of untolled time elapsed between the date Locklear's conviction became final and the date he filed the instant petition. ECF No. 5 at 3-5. On February 16, 2018, this court issued an order granting Locklear 28 days to present an argument that his petition should not be dismissed as untimely. ECF No. 6. Locklear has not responded.

## DISCUSSION

An application for writ of habeas corpus may be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). However, timeliness is a threshold consideration when examining petitioner's claims. Pursuant to 28 U.S.C. § 2244(d),

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

This one-year period is, however, tolled while properly filed post-conviction proceedings are pending. § 2244(d)(2).

The limitations period may also be equitably tolled. In order to be entitled to equitable tolling, Locklear must establish that some wrongful conduct by respondents contributed to the delay in filing his 2254 petition or that circumstances outside Locklear's control caused the delay. *See Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). The application of equitable tolling must be "guarded and infrequent," and "reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. To the extent delay might be attributed to Locklear's lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004).

More than one year of untolled time elapsed prior to Locklear's filing of the instant petition. Specifically, § 2244(d)(1)'s one-year limitations period began running on July 21, 2015, when Locklear's conviction became final upon the conclusion of his time to seek further review of the Court of Special Appeals' affirmance of his conviction.[3] *See* ECF No. 5-1 at 8; Md. Rule 8-302(a). The limitations period ran for slightly over four months (126 days) until

---

[3] This analysis relies on § 2244(d)(1)(A)'s start date of the date on which the judgment became final, as Locklear does not argue, nor does the court discern any basis for finding, that the alternative triggering dates under § 2244(d)(1)(B)-(D) are applicable to the instant case.

4

Locklear filed his petition for post-conviction relief with the Baltimore County Circuit Court on November 24, 2015. ECF No. 5-1 at 8. The limitations period was tolled between November 24, 2015, and March 21, 2017, while properly filed post-conviction proceedings were pending in state court. *Id.* at 8-9; ECF No. 5-2. The limitations period began running again on March 21, 2017, and expired 239 days later on November 15, 2017. Locklear filed the instant petition on December 27, 2017, more than one month after the limitations period expired. Accordingly, the court concludes that Locklear's § 2254 petition was untimely filed.

Further, the court finds no basis for applying equitable tolling to excuse the untimely filing. Locklear, who failed to respond to this court's order advising him of the timeliness issue, has not put forth any argument for equitable tolling. The court's independent review of the filings has yielded no grounds for equitable tolling. Locklear's claims do not rely on external evidence, previously unattainable exhibits, or novel legal analysis, making it difficult to imagine how respondents might have prevented Locklear from timely filing the instant petition raising the same claims asserted on direct appeal. Therefore, Locklear is not entitled to equitable tolling.

## CONCLUSION

The petition for habeas corpus relief will be denied and this case dismissed. When a district court dismisses a habeas petition, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition solely on procedural grounds, a petitioner satisfies this standard by demonstrating "(1) that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and (2)

that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (internal quotation marks omitted); *see Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Because Locklear fails to satisfy this standard the court declines to issue a certificate of appealability.[4]

A separate order follows.

4/10/18
Date

Catherine C. Blake
United States District Judge

---

[4] Denial of a certificate of appealability in the district court does not preclude Locklear from requesting a certificate of appealability from the appellate court.